FILED
2018 Jun-11 PM 03:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| REGGIE DUNNING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:17-cv-00659-AKK-JHE |
| MOHAMMAD S. JENKINS, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The magistrate judge filed a report on May 14, 2018, recommending that this action be dismissed without prejudice for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b). Doc. 9. The plaintiff has filed objections to the report and recommendation. Doc. 10.

The plaintiff argues that *res judicata* does not bar this action because he is asserting claims against Defendants Jenkins and Gadson in their individual capacities and because he is raising "a different Eighth Amendment excessive force claim against defendants Lt. Jenkins and Officer Gadson" that "could not have been raised the first time in an earlier proceeding." *Id.* at 2-3. With regard to the latter, the plaintiff declares that after the district court granted summary judgment in favor of the defendants, an outside medical provider re-examined him

and informed him that his leg injuries "were caused by an aftermath event[,]" which was not explained by officer reports in his previous lawsuit. *Id.* at 2-3.[1]

For the following reasons, the plaintiff's objections are **OVERRULED**. In the plaintiff's previous lawsuit, *Reggie Dunning v. Mohammad Jenkins*, *et al.*, Case No. 2:16-cv-00110-LSC-JHE, docs. 28 & 29 (N.D. Ala. Feb. 21, 2017) ("*Dunning I*"), the district court granted the defendants' motion for summary judgment. In this case, as well as *Dunning I*, the plaintiff sued Defendants Jenkins and Gadson in their individual capacities and presented facts concerning an August 11, 2015 incident to support his Eighth Amendment excessive force claim against them. Doc. 1 at 5; *Dunning I*, docs. 1, 24.

In *Dunning I*, the plaintiff alleged that after the incident he was taken to the infirmary where pictures were taken of his "face and left leg – my leg has still not healed – it continues to swell and is extrem[e]ly painful." *Dunning I,* doc. 1 at 3-4. In his summary judgment affidavit, the plaintiff testified that his "left leg was swollen and bruised (I am a disabled man with diabet[es])." *Dunning I*, doc. 24. at 4. However, he did "not address the lack of any [documentary] evidence of injuries consistent with his claims of being beaten by batons, stomp[ed] in the head, or kicked while he l[ay] on the floor." *Dunning I*, doc. 26 at 5, n. 6.

---

[1] In the complaint, the plaintiff did not assert that he was raising a different claim against the defendants than he did in the previous action and he did not mention the outside medical provider.

Contrary to the plaintiff's objections, he has not alleged a new Eighth Amendment claim against the defendants here based on the unsupported contention that he has new information that could not have been brought to the court's attention previously. Instead, his complaint asserts an identical cause of action against the same defendants based on the same operative facts as his prior lawsuit in *Dunning I*. As to the leg injury, except for the outside medical provider allegation, which the court notes is asserted in the plaintiff's response to the magistrate judge's report and recommendation rather than in the complaint, the plaintiff raised each and every aspect of his alleged leg injury, including subsequent swelling and a purported connection to his diabetic condition in *Dunning I*. The fact that the plaintiff has purportedly uncovered more evidence supporting a legal theory he has already litigated fails to create a new cause of action, and it is settled law that res judicata "bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in [the prior] action." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1299 (11th Cir. 2001).

Significantly, the plaintiff provides no reason why he could not have offered or, at the least, sought out an alleged opinion from an outside medical provider in *Dunning I* where the court expressly noted that the record lacked any documentary evidence supporting the plaintiff's assertions of severe injury arising from the August 2015 incident. Moreover, the plaintiff's conclusory assertion of the

3

existence of an outside medical provider's alleged opinion fails to offer any support for a connection between his medical conditions and the August 11, 2015 event serving as the sole factual basis for the Eighth Amendment excessive force claim alleged in the complaint.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections thereto, the magistrate judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Therefore, in accordance with 28 U.S.C. § 1915A(b), this action is due to be dismissed without prejudice for failing to state a claim upon which relief can be granted. A Final Judgment will be entered.

**DONE** the 11th day of June, 2018.

*/s/ Abdul Kallon*
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE